1

2   PHILLIP A. TALBERT
    United States Attorney
3   STEPHANIE M. STOKMAN
    Assistant United States Attorney
4   2500 Tulare Street, Suite 4401
    Fresno, CA 93721
5   Telephone:    (559) 497-4000
    Facsimile:    (559) 497-4099
6
7   Attorneys for Plaintiff
    United States of America

8

9                    IN THE UNITED STATES DISTRICT COURT

10                   EASTERN DISTRICT OF CALIFORNIA

11

12  UNITED STATES OF AMERICA,              CASE NO.  1:20-CR-00113-DAD-BAM

                            Plaintiff,     STIPULATION TO CONTINUE STATUS
13                                         CONFERENCE; AND ORDER

14         v.                              DATE: February 9, 2022
                                           TIME: 1:00 p.m.
15  BRANDON CASTILLO,                      COURT: Hon. Barbara A. McAuliffe

16                          Defendants.

17         This case is set for status conference on February 9, 2022.  On May 13, 2020, this Court issued

18  General Order 618, which suspends all jury trials in the Eastern District of California "until further

19  notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18

20  U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's

21  judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after

22  May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency,

23  were entered to address public health concerns related to COVID-19.

24         Although the General Orders and declarations of emergency address the district-wide health

25  concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

26  "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

27  _____

28         [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
    request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
    will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4).  The Government's position is that although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date for the status conference.

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be
2  "specifically limited in time").

**STIPULATION**

4      Plaintiff United States of America, by and through its counsel of record, and defendant, by and
5  through defendant's counsel of record, hereby stipulate as follows:

6      1.     By previous order, this matter was set for status at 1 p.m. on February 9, 2022, and well
7  as for an update at 2 p.m. on the same date.

8      2.     By this stipulation, the parties now move to continue both the status conference and
9  update until April 13, 2022, and to exclude time between February 9, 2022, and April 13, 2022, under 18
10  U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

11     3.     The parties agree and stipulate, and request that the Court find the following:

12         a)     The government has represented that the discovery associated with this case
13  includes reports, photographs, and audio files. All of this discovery has been either produced
14  directly to counsel and/or made available for inspection and copying.  Additionally, a plea
15  agreement has been provided to defendant.

16         b)     Counsel for defendant desires additional time to further review discovery, discuss
17  potential resolution with her client and the government, and investigate and prepare for trial.

18         c)     The parties agree that if there is no resolution to the case by the requested
19  continuance date, the parties will be prepared to set a trial date.

20         d)     Counsel for defendant believes that failure to grant the above-requested
21  continuance would deny him/her the reasonable time necessary for effective preparation, taking
22  into account the exercise of due diligence.

23         e)     Defendant has completed treatment at Teen Challenge and has been apprenticing
24  with Teen Challenge since that completion.  Defendant has been successful in these efforts, and
25  the parties agree that an update is not necessary at this time.

26         f)     The government does not object to the continuance.

27         g)     Based on the above-stated findings, the ends of justice served by continuing the
28  case as requested outweigh the interest of the public and the defendant in a trial within the

1   original date prescribed by the Speedy Trial Act.

2           h)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

3   et seq., within which trial must commence, the time period of February 9, 2022 to April 13,

4   2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

5   T4] because it results from a continuance granted by the Court at the parties' request on the basis

6   of the Court's finding that the ends of justice served by taking such action outweigh the best

7   interest of the public and the defendants in a speedy trial.

8           i)       The parties also agree that this continuance is necessary for several reasons,

9   including but not limited to, the need to permit time for the parties to exchange supplemental

10  discovery, engage in plea negotiations, and for the defense to continue its investigation and

11  preparation, pursuant to 18 U.S.C. § 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv).

12      4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

13  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

14  must commence.

15      IT IS SO STIPULATED.

16  Dated:  February 4, 2022            PHILLIP A. TALBERT
                              United States Attorney

17

18                                /s/ STEPHANIE M. STOKMAN
                              STEPHANIE M. STOKMAN
                              Assistant United States Attorney

19

20

21  Dated:  February 4, 2022            /s/ CHRISTINA CORCORAN
                              CHRISTINA CORCORAN

22                                Counsel for Defendant
                              BRANDON CASTILLO

23

24

25

26

27

28

**ORDER**

IT IS SO ORDERED that the status conferences are continued from February 9, 2022, at 1:00 p.m. and 2:00 p.m., to **April 13, 2022, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv). The Court intends to set a trial date at the next status conference.  If the parties do not resolve the case in advance of the next status conference, they shall be prepared to set a trial date at the status conference hearing.


IT IS SO ORDERED.

Dated:   __**February 4, 2022**__            ____/s/ _Barbara A. McAuliffe_____

                                    UNITED STATES MAGISTRATE JUDGE