1

2   PHILLIP A. TALBERT
    United States Attorney
3   STEPHANIE M. STOKMAN
    Assistant United States Attorney
4   2500 Tulare Street, Suite 4401
    Fresno, CA 93721
5   Telephone:    (559) 497-4000
    Facsimile:    (559) 497-4099
6

7   Attorneys for Plaintiff
    United States of America

8

9                 IN THE UNITED STATES DISTRICT COURT

10                EASTERN DISTRICT OF CALIFORNIA

11

    UNITED STATES OF AMERICA,          CASE NO.  1:20-CR-00113-ADA
12
                       Plaintiff,      STIPULATION TO CONTINUE TRIAL; ORDER
13
               v.                      DATE: January 18, 2023
14                                     TIME: 8:30 a.m.
    BRANDON CASTILLO,                  COURT: Hon. Ana de Alba
15
                       Defendants.
16

17          This case is set for jury trial on January 18, 2023.  On May 13, 2020, this Court issued General

18  Order 618, which suspends all jury trials in the Eastern District of California "until further notice."

19  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C.

20  § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial

21  emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2,

22  2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were

23  entered to address public health concerns related to COVID-19.

24          Although the General Orders and declarations of emergency address the district-wide health

25  concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

26  "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

27  ─────────────────

28          [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
    request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
    will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

                                            1

findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4).  The Government's position is that although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date for the status conference.

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

*United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By this stipulation, the government and defendant now move to continue the jury trial set for January 18, 2023 until July 11, 2023, and to exclude time between January 18, 2023, and July 12, 2023, under Local Code T4.

2.      The parties further request that the matter be set for a trial confirmation hearing on June 26, 2023.

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case includes reports, photographs, and audio files. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.  Additionally, a plea agreement has been provided to defendant.

b)      Counsel for defendant desires additional time to further review discovery, discuss potential resolution with her client and the government, and investigate and prepare for trial.

c)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The parties believe that the continuance is necessary in light of defense counsel's previously unforeseen professional and personal obligations, in order to allow time to effectively prepare for trial or potential resolution.

e)      Defendant has completed treatment at Teen Challenge and has been apprenticing with Teen Challenge since that completion.

f)      The government does not object to the continuance.

g)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the

3

original date prescribed by the Speedy Trial Act.

h)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 18, 2023 to July 12, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

i)      The parties also agree that this continuance is necessary for several reasons, including but not limited to, the need to permit time for the parties to exchange supplemental discovery, engage in plea negotiations, and for the defense to continue its investigation and preparation, pursuant to 18 U.S.C. § 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv).

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.
Dated:  November 28, 2022                          PHILLIP A. TALBERT
                                                   United States Attorney


                                                   /s/ STEPHANIE M. STOKMAN
                                                   STEPHANIE M. STOKMAN
                                                   Assistant United States Attorney


Dated:  November 28, 2022                          /s/ CHRISTINA CORCORAN
                                                   CHRISTINA CORCORAN
                                                   Counsel for Defendant
                                                   BRANDON CASTILLO



IT IS SO ORDERED.

   Dated:   December 5, 2022     _____
                                 UNITED STATES DISTRICT JUDGE

4