UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:20-CR-00113-NODJ |
| Plaintiff, | ORDER GRANTING THE MOTION TO SUPPRESS |
| v. | (Doc. 76) |
| BRANDON CASTILLO, | |
| Defendant. | |

In April 2020, the Governor of California issued an Executive Order suspending the requirement that vehicles have valid registered between March 4, 2020 and June 30, 2020. The purpose was to promote social distancing, to attempt to suppress the spread of COVID. Mr.Castillo was a passenger in a car, which reflected expired registration tags. He argues that because of the Executive Order, the officer lacked reasonable suspicion to perform the traffic stop. Consequently, he argues that the gun found in his possession should be suppressed. For the reasons set forth below, the motion is **GRANTED**.

**I.   Background**

On May 25, 2020, an officer of the Selma Police Department, saw a car driven by Tina Garcia display registration tags that appeared to be expired. (Doc. 76-1 at 14) The tags indicated that the registration had expired in March 2020. Id. Before stopping the car, the officer confirmed with dispatch that the registration of the vehicle had, indeed, lapsed on March 8, 2020. Id.

By this time, the COVID pandemic was in its infancy. In response to the pandemic, Governor Newsome issued Executive Order N-54-20 which, among other actions, suspended the requirement for a current registration for vehicles whose registrations expired or would expire between March 4, 2020 and June 30, 2020. (Doc. 76-1 at 2) Despite that the Order had been issued one month before, the officer was unaware the Order or that it suspended enforcement of the vehicle registration requirement.

After making the traffic stop, the officer questioned the driver and the passenger and learned that the passenger was Brandon Castillo for whom there was a misdemeanor warrant outstanding. (Doc. 76-1 at 14) The officer took Castillo into custody on the warrant but, before he left the vehicle, Castillo reported that he had a loaded AR-15 in his backpack in the floor between his legs. Id. at 15. The officer located the rifle and 76 live rounds of ammunition in the backpack (Doc. 1 at 5) Consequently, Castillo was charged with possessing an assault weapon under California Penal Code section 30605(a). (Doc. 76-1 at 17) Because Castillo had been convicted of two prior felonies, he was charged later in this Court with violating 18 U.S.C. § 922(g)(1). (Doc. 1; Doc. 8)

**II.    Analysis**

The Fourth Amendment provides, in relevant part, that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated and no warrants shall issue, but upon probable cause." U.S. Const. amend. IV. The Fourth Amendment requires only, based upon the facts known to him, that the officer form a reasonable suspicion that criminal activity was occurring, and perform a stop in a manner that is not objectively unreasonable. *Whren v. United States*, 517 U.S. 806, 810 (1996); *United States v. Lopez–Soto*, 205 F.3d 1101, 1105 (9th Cir. 2000). Passengers in a car have standing to challenge an officer's stop of that vehicle even if they have no possessory or ownership interest in the vehicle. *Brendlin v. California*, 551 U.S. 249, 257-263 (2007); *United States v. Twilley*, 222 F.3d 1092, 1095 (9th Cir. 2000).  Evidence obtained in violation of the Fourth Amendment may be subject to suppression under the exclusionary rule. *See United States v. Willy*, 40 F.4th 1074, 1089 (9th Cir. 2022) (citing *Wong Sun v. United States*, 371 U.S. 471, 485–88 (1963)).

It is the government's burden to justify a vehicle stop. *United States v. Burciaga*, 687 F.3d 1229, 1230 (10th Cir.2012) (government's burden to show reasonable suspicion for vehicle stop); *United States v. Carbajal*, 956 F.2d 924, 930 (9th Cir.1992) ("The burden is on the Government ... to show the reasonableness of a warrantless search. This includes demonstrating that the search comes within one of the narrow exceptions to the warrant requirement.") (internal citations omitted). Officers must have only reasonable suspicion that a traffic infraction has occurred to make a traffic stop and the fact that the officer does not, ultimately issue a citation or even mention the traffic infraction, does not translate the stop into an unconstitutional seizure. *United States v. Willis*, 431 F.3d 709, 717 (9th Cir. 2005).

California's Government Code § 8567(a) vests in the Governor, the authority to "make, amend, and rescind orders" in times of emergency. When the Governor issues such an order, it is effective immediately upon its issuance. Cal. Gov. Code § 8567(b). The Governor is charged with causing "widespread publicity and notice to be given to all such orders and regulations, or amendments or rescissions thereof." Cal. Gov. Code § 8567(a).

The Governor issue Executive Order N-54-20 on April 22, 2020. (Doc. 76-1) The purpose of the Order was to address the impacts of mitigation efforts made to slow the spread of COVID. *Id*, at 1. Relevant here is the provision that suspended the requirement for current registration for vehicles whose registration expired between March 4, 2020 and June 30, 2020. *Id*. at 2. By the time the officer stopped Ms. Garcia's car, the Executive Order had been in effect for about a month. The officer asserts that he was unaware of how the order impacted vehicle registration requirements and that his agency had not trained on it. However, of course, what the officer knew subjectively about the Order is irrelevant. It is established law that an officer's subjective intent in making a traffic stop "does not make otherwise lawful conduct illegal or unconstitutional." *Whren v. United States*, 517 U.S. 806, 810 (1996), quoting *Scott v. United States*, 436 U.S. 128, 138 (1978). "Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." *Id.*

Mr. Castillo cites to *United States v. Twilley*, 222 F.3d 1092, 1096 for the proposition that an officer's mistake of law does not convert an unlawful stop into a lawful one. In *Twilley*, the

California-based officer stopped the car because it displayed only one Michigan license plate. The officer wrongly thought that Michigan law required a front and back plate. *Id*. In finding that the officer lacked reasonable suspicion to stop the car, the Court held, "a belief based on a mistaken understanding of the law cannot constitute the reasonable suspicion required for a constitutional traffic stop." *Id*. The Court continued,

> While the officer need not perfectly understand the law when he stops the vehicle, his observation must give him an objective basis to believe that the vehicle violates the law. We recently upheld the stop of a vehicle when the officer correctly believed the car's window tinting violated the law, although the officer believed all tinting was illegal and the law actually prohibited only darker tinting. *See Wallace*, 213 F.3d at 1220 (the officer's "observations correctly caused him to believe that Wallace's window tinting was illegal; he was just wrong about exactly why"). This case, "in sharp contrast," is one "in which the [driver's] conduct does not in any way, shape or form constitute a crime." *Id*.

*Id*. Similarly, in *United States v. Lopez-Soto*, 205 F.3d 1101, 1104 (9th Cir. 2000), the officer stopped a car because he had been trained that vehicles from Baja California were required to display a registration sticker on the back window. However, the law required the sticker on the front window, and the car had one. In granting the defendant's motion to suppress the Court held, "We have no doubt that Officer Hill held his mistaken view of the law in good faith, but there is no good-faith exception to the exclusionary rule for police who do not act in accordance with governing law." *Id*. at 1107.

Similarly, here, the officer's failure to be aware of the Executive Order, does not justify the traffic stop. At the time he stopped the car, the law did not allow for him to do so. Any suspicion for the stop should have dissipated when the officer learned that the registration expired during the period set forth in the Executive Order. Without doubt, it was the traffic stop which led to the officer ascertaining the identity of Mr. Castillo. Knowing this, lead to him determining that there was an active arrest warrant for him, and this led to the discovery of the rifle and ammunition. Thus, no matter the good faith that Officer McPherson was working under when he stopped the car, the taint of the unlawful stop tainted the seizure of the evidence. *United States v. Arvizu*, 232 F.3d 1241, 1252 (9th Cir. 2000), rev'd and remanded on other grounds in, 534 U.S. 266 (2002) [Where the interrogation, consent and search flowed directly from the unlawful traffic stop, the taint from the stop is not purged.] Thus, the motion to suppress must be **GRANTED**.

**ORDER**

For the reasons discussed, the motion to suppress is **GRANTED**.

IT IS SO ORDERED.

Dated: __**March 19, 2024**__

_/s/ Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE